**Arnecia DYNES, Plaintiff-Appellant,**

v.

**TRW CREDIT DATA, et al.,
Defendants-Appellees.**

No. 79–4322.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 1980.

Decided July 31, 1981.

Charles O. Morgan, Jr., San Francisco, Cal., for plaintiff-appellant.

Felice R. Cutler, Cutler & Cutler, Los Angeles, Cal., for defendants-appellees.

Before CHAMBERS and GOODWIN, Circuit Judges, and MURPHY,* District Judge.

CHAMBERS, Circuit Judge:

This appeal requires interpretation of a credit reporting agency's duty of "reinvestigation" of disputed information under 15 U.S.C. § 1681i(a). This is a question of first impression in this Circuit.

This dispute centers around appellant's inability to obtain credit from a national credit card company, or a major department store. There is no dispute over the material

* The Honorable Thomas F. Murphy, United States District Judge for the Southern District of New York, sitting by designation.

facts. Dynes requested and received a copy of her credit report from TRW after she had been denied credit. The report erroneously stated that the Bank of America had repossessed appellant's auto, and had been unable to locate her. Dynes notified TRW of the inaccuracy in the report, and provided TRW with documentation showing the inaccuracy.

TRW responded to Dynes' notification of disputed information by sending an account verification form to Bank of America. Bank of America reviewed its records and confirmed that the credit report was inaccurate. Bank of America also forwarded to TRW a report that their records showed a collection account pending against Dynes. This new report was also erroneous.

Dynes telephoned TRW and advised that the new report was also inaccurate upon receiving the new credit report listing the mistaken collection account pending. TRW's response was that TRW could do no more and that Dynes' only recourse was the Bank of America. Dynes, thereafter, brought this suit.

The case proceeded to a jury trial where the court granted TRW a directed verdict. Dynes now raises three points on appeal, only one of which has merit. The trial court concluded that TRW's single verification of its first, inaccurate credit report fulfilled TRW's reinvestigation obligation as to the second credit report. We hold that TRW failed to fulfill its obligation under 15 U.S.C. § 1681i(a) when it refused to reinvestigate the disputed "new" report concerning the newly reported collection account.

Appellee contended below and here that the statute requires a single investigation. The trial court agreed, and found for appellee because TRW had "reinvestigated" Dynes' first complaint. Our reading of the statute does not support this single-reinvestigation view.

The statute states in pertinent part:
"If the completeness or accuracy of any item of information contained in his file is disputed by a consumer, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall within a reasonable period of time reinvestigate and record the current status of that information unless it has reasonable grounds to believe that the dispute by the consumer is frivolous or irrelevant . . . ." 15 U.S.C. § 1681i(a).

The language suggests multiple investigations for multiple disputes. The statute requires investigation of the *current* status of the disputed information. Investigations of the noncurrent information cannot be relied on as complying with the statute. We hold the statute had not spent itself here with one reinvestigation.

In the instant case, the reinvestigation relied on by the lower court concerned the first disputed credit report. That report did not include the now disputed "collection account" report. There is no evidence that TRW reinvestigated or recorded the current status of the disputed collection account information. We agree with the district court on other rulings alleged to have been error.

The case is remanded for further proceedings consistent with this opinion.